UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RANDY RUSSELL YBARRA, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | CAUSE NO. 3:21-CV-723-MGG |

OPINION AND ORDER

Randy Russell Ybarra, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC-21-7-116) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possession of a cellular device in violation of Indiana Department of Correction Offense 121. Following a disciplinary hearing, he was sanctioned with a loss of ninety days earned credit time and a demotion in credit class.

Ybarra argues that he is entitled to habeas relief because the hearing officer did not have sufficient evidence to support a finding of guilt. He maintains that he could not have possessed a cellphone on June 23, 2021, because he had just transferred to the Westville Correctional Facility two days earlier .

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's

> guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a correctional officer represents that, during a search, he found a cellular device in the cell assigned to Ybarra at the Indiana State Prison before his transfer to the Westville Correctional Facility and that no other inmate had lived in that cell since his transfer. ECF 13-1. The administrative record also includes a photograph of the cellular device. ECF 13-2. The conduct report and the photograph constitute some evidence that Ybarra possessed a cellular device in violation of the disciplinary code. Therefore, the claim that the hearing officer lacked sufficient evidence for a finding of guilt is not a basis for habeas relief.

Ybarra argues that he is entitled to habeas relief because he did not receive notice of his opportunity for screening or of the disciplinary hearing. The Warden responds that Ybarra received such notice but refused to attend screening and the disciplinary hearing. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974).

According to the Warden, correctional staff arranged for Ybarra to leave his dormitory for screening, followed up with dormitory staff to ensure that Ybarra had the appropriate pass, and waited on his arrival for thirty minutes but that Ybarra refused to attend. The Warden further represents that correctional staff arranged for Ybarra to

leave his dormitory for the disciplinary hearing and followed up with dormitory staff to ensure that Ybarra had the appropriate pass but that Ybarra refused to attend. The Warden supports these representations affidavits, pass logs, and refusal forms. ECF 13-3; ECF 13-5, ECF 13-7; ECF 13-12; ECF 13-13; ECF 13-14. Ybarra denies any awareness that correctional staff attempted to screen him or notify him of the disciplinary hearing. Therefore, the court finds a genuine dispute of material fact exists regarding whether Ybarra refused the efforts to screen him and whether Ybarra refused to attend the disciplinary hearing.

Consequently, the court must conduct an evidentiary hearing to determine whether Ybarra asked the hearing officer to obtain a statement from his work supervisor. In preparation for that hearing, the court ORDERS Ybarra and the Warden to separately prepare and file brief status reports, by **February 24, 2022**. The status reports must not exceed five pages (unless greater length is unavoidable) and must address: (1) what genuine issues of fact exist; (2) what discovery might be necessary, how it relates to the issues, and how long it would take to complete; (3) what witnesses and exhibits each party proposes to call or introduce; (4) how much time the evidentiary hearing is expected to require; and (5) what motions have been or are expected to be filed before the evidentiary hearing.

SO ORDERED on January 24, 2022

                                                                   s/Michael G. Gotsch, Sr.
                                                                   Michael G. Gotsch, Sr.
                                                                  United States Magistrate Judge